**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

        **-v-**

**13-CR-22-A**

**JAMES S. ALLEN,**
              **Defendant.**
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions. Text Order of Referral dated January 23, 2013.

## PRELIMINARY STATEMENT

The defendant, James S. Allen, is charged in a twenty-three count Indictment with eighteen counts of cyberstalking and five counts of production of child pornography. Dkt. #7. Presently pending before this Court is the defendant's motion to change venue. Dkt. #24. This Court previously issued its Report, Recommendation and Order with respect to the defendant's motion to suppress statements to law enforcement and to suppress evidence (Dkt. #22) for which an evidentiary hearing was held on December 10, 2013 and a motion to dismiss the entire Indictment for a Speedy Trial Act violation (Dkt. #23). Dkt. #39.

## FACTUAL BACKGROUND

The parties are referred to this Court's discussion of the procedural background and factual background set forth in its Report, Recommendation and Order (Dkt. #39), which is incorporated by reference herein.

## DISCUSSION AND ANALYSIS

By this motion, the defendant seeks an Order from this Court that, pursuant to Rule 18 of the Federal Rules of Criminal Procedure, venue is proper in the Eastern District of Michigan.  The defendant further seeks an Order that pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure, for the convenience of the defendant, the witnesses and in the interest of justice, this proceeding should be transferred to the Eastern District of Michigan.  Dkt. #24, pp.6-10.  In its response, the government argues that in making this request, the defendant "completely ignores the impact a transfer of venue would have on the 18 victims in the present case, and glosses over the fact that all of the witnesses and evidence are located in the WDNY."[1] Dkt. #27, p.21.

The Sixth Amendment guarantees trial "by an impartial jury of the State and district wherein the crime shall have been committed . . ."  U.S. Const. amend. VI.

---

[1] Counts 1 through 18 of the Indictment charge the defendant with eighteen counts of cyberstalking; each count relates to a specific victim, numbered 1 through 18.  The defendant had moved to dismiss the entire Indictment based on a Speedy Trial Act violation.  Dkt. #23.  There being no dispute that a Speedy Trial Act violation had occurred, the only questions for this Court to consider were which counts were subject to dismissal and whether such dismissal should be with or without prejudice.  As set forth in this Court's Report, Recommendation and Order filed on August 15, 2014 (Dkt. #39), this Court recommended dismissal of counts 1 through 10 only, without prejudice.  This Court's Report, Recommendation and Order is still pending before United States District Court Judge Richard J. Arcara.  If adopted, counts 1 through 10 would be dismissed without prejudice.

As derived from the constitutional venue provision, Rule 18 of the Federal Rules of Criminal Procedure provides that venue in a federal criminal prosecution lies in the district in which the crime was committed.  See Fed.R.Crim.P. 18; *United States v. Reed*, 773 F.2d 477 (1985).  Where Congress has not explicitly indicated the location where it considers the crime to have occurred, "the locus delicti must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Anderson*, 328 U.S. 699, 703 (1946).  "However, 'where the acts constituting the crime and the nature of the crime charged implicate more than one location,' venue may be constitutionally permissible in more than one district." *Reed*, 773 F.2d at 480.

In *Reed*, the court noted that "where the acts constituting the crime and the nature of the crime charged implicate more than one location, the [C]onstitution does not command a single exclusive venue." *Reed*, 773 F.2d at 480.  With respect to criminal cases involving an offense begun in one district and completed in another, Congress has provided that,

> Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.
>
> Any offense involving the use of the mails, transportation in interstate or foreign commerce, or that importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be

> inquired of and prosecuted in any district from, through or into which such commerce, mail matter, or imported object or person moves.

Title 18, United States Code, Section 3237.

Federal Rule of Criminal Procedure 21(b) provides that upon motion by a defendant, the court "may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." Fed.R.Crim.P.21(b).

> Disposition of a Rule 21(b) motion is vested in the sound discretion of the district court. *See, e.g., United States v. Stephenson*, 895 F.2d 867, 875 (2d Cir.1990); *United States v. Keuylian*, 602 F.2d 1033, 1038 (2d Cir.1979). In deciding such a motion, the court should consider such factors as (a) location of the defendants; (b) location of the possible witnesses; (c) location of the events likely to be at issue; (d) location of relevant documents and records; (e) potential for disruption of the defendants' businesses if transfer is denied; (f) expenses to be incurred by the parties if transfer is denied; (g) location of defense counsel; (h) relative accessibility of the place of trial; (i) docket conditions of each potential district; and (j) any other special circumstance that might bear on the desirability of transfer, *id.*; see *Platt v. Minnesota Mining & Manufacturing Co.*, 376 U.S. at 243–44, 84 S.Ct. at 771–72. No one of these considerations is dispositive, and "[i]t remains for the court to try to strike a balance and determine which factors are of greatest importance." *United States v. Stephenson*, 895 F.2d at 875.

*United States v. Maldonado-Rivera*, 922 F.2d 934, 966 (2d Cir. 1990).  Here, the only basis that defendant Allen asserts in support of his motion to transfer venue is that all of the alleged criminal conduct took place in Michigan.  In making this argument the defendant simply ignores the fact that although he was physically located in Michigan, the alleged conduct implicated victims located in this district.  Moreover, any physical evidence seized as part of the execution of the search warrant is now located in the Western District of New York.  All of the victims are located in the Western District of New York and at least two law enforcement witnesses are located in the Western District of New York.  To the extent that the government may rely on additional law enforcement witnesses, those witnesses may be located in the Eastern District of Michigan, but standing alone, that is not a sufficient basis to order the transfer of venue to the Eastern District of Michigan.  Finally, the defendant is currently in the custody of the United States Marshal's Service and no longer resides in Michigan.

      Although the Second Circuit has yet to directly address whether the production of child pornography or cyberstalking charges as alleged in the instant Indictment fall within the ambit of Title 18, United States Code, Section 3237, in *United States v. Rowe*, 414 F.3d 271 (2d Cir. 2005), the Second Circuit analyzed the proper venue for the crime of advertising to receive, exchange or distribute child pornography, Title 18, United States Code, Section 2251(d), a charge which is closely related to production of child pornography.[2]  Specifically, in *Rowe*, the defendant was prosecuted

---

[2] However, this Court notes that in *United States v. Borker*, No. 10 Cr. 1266, 2011 WL 1630344 (Apr. 28, 2011 S.D.N.Y.), the United States District Court for the Southern District of New York discussed venue in a cyberstalking case.  In addressing a motion to dismiss for improper venue on a cyberstalking charge, the Court acknowledged that the cyberstalking statute (Title 18, United States Code, Section 2261A "requires that the perpetrator and the

in the Southern District of New York and argued that venue should have been transferred to the Eastern District of Kentucky where he resided and used his computer to post the child pornography advertisement. Holding that section 3237(a) clearly applied to the crime of advertising to receive, exchange or distribute child pornography, the Court concluded that venue was proper in the Southern District of New York because the defendant "must have known or contemplated that the advertisement would be transmitted by computer to anyone the whole world over who logged onto the site. . . ." *United States v. Rowe*, 414 F.3d at 279.

Although as stated in *Maldonado-Rivera*, no single factor is determinative, here, there is simply no basis in the record before this Court to support the transfer of venue to the Eastern District of Michigan. Accordingly, defendant Allen's motion to transfer venue is denied.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

---

victim be situated in different states." Unlike the issues presented here, in that case, the government conceded that the Southern District of New York lacked venue over the cyberstalking count because while there was evidence that the defendant communicated to alleged victims in other states, all of the communications originated in the Eastern District of New York. The government further indicated that it had not yet made a determination whether it intended to pursue charges in the Eastern District of New York and the defendant sought dismissal with prejudice or in the alternative, to transfer the entire case to the Eastern District of New York. Although the Court granted the defendant's motion to dismiss without prejudice, the Court denied the defendant's request to have the entire case transferred stating, in part, "The Court will not transfer this case due to Defendant's fears of a hypothetical second prosecution." Moreover, the Court noted that "while interests of judicial economy might in certain circumstances favor transfer, the Court has already devoted a fair amount of time to this case and set a trial date." *Borker*, 2011 WL 1630344 at *2.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with Fed. R. Crim. P. 59(a).

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(1) of the Local Rules for the Western District of New York, written objections shall specifically identify the portions of the Decision and Order to which the party objects and the basis for such objection, and shall be supported by legal authority. **Failure to comply with the provisions of Local Rule 59(b)(1), may result in the District Judge's refusal to consider the objection.**

In accordance with the requirements set forth in Local Rule 59(b)(3), "[a]ny party filing objections to a Magistrate Judge's order or recommended disposition must

include with the objections to the District Judge a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge." **Failure to comply with the provisions of Local Rule 59(b)(3), may result in the District Judge's refusal to consider the objection.**

DATED:    September 4, 2014
          Buffalo, New York

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**