IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
MAY 2 8 2015
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

UNITED STATES OF AMERICA,

      v.

JAMES S. ALLEN,

          Defendant.

13-CR-22

## PLEA AGREEMENT

The defendant, JAMES S. ALLEN, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I. THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and plead guilty to a two count Superseding Information which charges:

    a.    In Count 1, a violation of Title 18, United States Code, Section 2251(a) (production of child pornography), for which the mandatory minimum term of imprisonment is 15 years and the maximum possible sentence is a term of imprisonment of 30 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life.

    b.    In Count 2, a violation of Title 18, United States Code, Section 2261A(2)(A) (cyberstalking), for which, based on the defendant's prior conviction under Michigan law for stalking, the maximum possible sentence is a term of imprisonment of 10

years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years.

            c.     The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing for each count.

2.     The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259(a), the Court must order restitution for the full amount of the victims' compensable losses, up to $250,000, as determined by the Court. The defendant understands that the defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

3.     The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release, and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant

serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.


4.      The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student.   The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status.   The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.


## II. ELEMENTS AND FACTUAL BASIS

5.      The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

-3-

## Count 1

a.   the defendant employed, used, persuaded, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such sexually explicit conduct;

b.   the visual depictions were produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means; and

c.   the defendant acted knowingly.

## Count 2

a.   the defendant used the mail, any interactive computer service, or any facility of interstate or foreign commerce to engage in a course of conduct;

b.   that caused substantial emotional distress to another person or placed that person in reasonable fear of the death of, or serious bodily injury to, any of the persons described below;

c.   with the intent to cause substantial emotional distress another person; and

d.   that person was in another State.

## FACTUAL BASIS

6.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

## **Count 1**

*Victim 15*

a.   On or about June 18, 2012, the exact date being unknown, in the Western District of New York, the defendant, JAMES S.

-4-

ALLEN, did use, persuade, induce, entice and coerce a minor, that is, Victim 15, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct.

b.    Specifically, in June of 2012, the defendant, a resident of the State of Michigan, began communicating with Victim 15, a 15-year-old female from West Seneca, New York, via text messages and Skype chats. During a Skype chat on June 18, 2012, the defendant coerced Victim 15 to expose her genitalia and masturbate. In addition to the live visual depiction that was transmitted, the defendant used Camtasia, a screen capture program, to record the live video stream as a video file. The video file was stored by the defendant on an encrypted external hard drive, which was seized by law enforcement during the execution of a search warrant at the defendant's residence on September 12, 2012.

*Victim 16*

a.    On or about July 30, 2012 and August 31, 2012, the exact dates being unknown, in the Western District of New York, the defendant, JAMES S. ALLEN, did use, persuade, induce, entice and coerce a minor, that is, Victim 16, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct and for the purpose of transmitting live visual depictions of such conduct.

b.    Specifically, in May of 2012, the defendant, a resident of the State of Michigan, began communicating with Victim 16, a 16-year-old female from Tonawanda, New York, via text messages and Skype chats. During Skype chats on July 30, 2012, and August 31, 2012, the defendant coerced Victim 15 to expose her genitalia and masturbate. In addition to the live visual depictions that were transmitted, the defendant used Camtasia, a screen capture program, to record the live video streams as a video files. The video files were stored by the defendant on an encrypted external hard drive, which was seized by law enforcement during the execution of a search warrant at the defendant's residence on September 12, 2012.

*Victim 17*

a.      On or about August 9, 2012, the exact date being unknown, in the Western District of New York, the defendant, JAMES S. ALLEN, did use, persuade, induce, entice and coerce a minor, that is, Victim 17, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct.

b.      Specifically, in August of 2012, the defendant, a resident of the State of Michigan, began communicating with Victim 17, a 13-year-old female from Depew, New York, via text messages, Skype chats, and Twitter messages.  During a Skype chat on August 9, 2012, the defendant coerced Victim 17 to expose her genitalia and masturbate.   In addition to the live visual depiction that was transmitted, the defendant used Camtasia, a screen capture program, to record the live video stream as a video file.  The video file was stored by the defendant on an encrypted external hard drive, which was seized by law enforcement during the execution of a search warrant at the defendant's residence on September 12, 2012.

*Victim 18*

a.      On or about August 14, 2012, the exact date being unknown, in the Western District of New York, the defendant, JAMES S. ALLEN, did use, persuade, induce, entice and coerce a minor, that is, Victim 18, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct.

b.      Specifically, in June of 2012, the defendant, a resident of the State of Michigan, began communicating with Victim 18, a 14-year-old female from Amherst, New York, via text messages and Skype chats. During a Skype chat on August 14, 2012, the defendant coerced Victim 18 to expose her genitalia and masturbate.  In addition to the live visual depiction that was transmitted, the defendant used Camtasia, a screen capture program, to record the live video stream as a video file.  The video file was stored by the defendant on an encrypted external hard drive, which was seized by law enforcement during the

execution of a search warrant at the defendant's residence on September 12, 2012.

**Count 2**

a. Between in or about April of 2012, and in or about August of 2012, the exact dates being unknown, in the Western District of New York, and elsewhere, the defendant, JAMES S. ALLEN, with the intent to harass and cause substantial emotional distress to Victims 1 – 18, did use an interactive computer service and facility of interstate and foreign commerce to engage in a course of conduct that caused substantial emotional distress to said victims, who were at the time in another State, to wit, New York.

b. Specifically, beginning in April of 2012, the defendant, a resident of the State of Michigan, began contacting minor female individuals located in the Western District of New York through Facebook, Twitter, text messages, and/or e-mail. The defendant would tell the victims that naked pictures of the victims were on the internet, and directed the victims to one of two websites to view the pictures. During the investigation, it was determined that these websites were phishing websites, and once the victims inputted their e-mail address and password into the website, the victims' e-mail address and password would be sent to the defendant via e-mail. At that point, the defendant would then seize control of the victims' e-mail accounts and change the passwords. Once the defendant had control of the passwords, he would contact the victims and threaten that if they did not engage in a Skype video chat with him, he would distribute naked photos of the victims over the internet. During the defendant's course of conduct, the defendant concealed his true identity from the victims by using fake and hacked electronic accounts to communicate with the victims. Once on Skype (the defendant's screen name was "shhh.shhh"), the defendant would demand that the victims take their clothes off and engage in sexual conduct. Based on the defendant's repeated and sustained harassment of the victims, the victims suffered substantial emotional distress when they were told that naked pictures of them would be sent out to all of Western New York.

## III. SENTENCING GUIDELINES

7.      The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

8.      The government and the defendant agree that Guidelines §§ 2G2.1(a) and 2G2.1(d)(1) applies to the offense of conviction for Count 1 and provides for a base offense level of 32 for each victim.

9.      The government and the defendant agree that Guidelines § 2A6.2(a) applies to the offense of conviction for Count 2 and provides for a base offense level of 18.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

10.      The government and the defendant agree that the following specific offense characteristics do apply:

### Count 1 – Victims 15-18

    a.      the two level increase pursuant to Guidelines § 2G2.1(b)(2)(A) [the offense involved the commission of a sex act]; and

    b.      the two level increase pursuant to Guidelines § 2G2.1(b)(6)(A) and/or (B) [the offense involved the knowing misrepresentation of the defendant's identity to persuade, induce, entice, or coerce and/or the offense involved the use of a computer or interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct].

**Count 1 – Victims 15, 17, 18**

      a.    the two level increase pursuant to Guidelines § 2G2.1(b)(1)(B) [the offense involved a minor who had attained the age of 12 years but not attained the age of 16 years].

**Count 2**

      a.    the two level increase pursuant to Guidelines § 2A6.2(b)(1)(E) [the offense involved a pattern of activity stalking, threatening, or harassing the same victim].

## ADJUSTED OFFENSE LEVEL

11.    Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for Count 1 – Victim 15 is 38.

12.    Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for Count 1 – Victim 16 is 36.

13.    Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for Count 1 – Victim 17 is 38.

14.    Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for Count 1 – Victim 18 is 38.

15.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for Count 2 is 20.

## COMBINED ADJUSTED OFFENSE LEVEL

16.     The government and the defendant agree that pursuant to Guidelines §§ 3D1.1, 3D1.2, 3D1.3, and 3D1.4, the offenses of conviction under Counts 1 and 2 do not group together, and that it is the understanding of the government and the defendant that the defendant's combined adjusted offense level is 42.

## ACCEPTANCE OF RESPONSIBILITY

17.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 39.

## CRIMINAL HISTORY CATEGORY

18.     It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant

is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

19.    It is the understanding of the government and the defendant that, with a total offense level of 39 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of **262 to 327** months, a fine of $25,000 to $250,000, and a period of supervised release of 5 years to life.   Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

20.    The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The defendant, however, reserves the right to recommend a sentence outside the Sentencing Guidelines range as limited by the statutory minimum term of imprisonment. The government and the defendant reserve the right to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

-11-

21.    The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

22.    In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the defendant's production, receipt, and possession of child pornography and cyberstalking which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

23.    The defendant understands that the government has reserved the right to:

    a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

-12-

b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.   advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

d.   modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e.   oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

24.   At sentencing, the government will move to dismiss the Superseding Indictment in this action.

25.   The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.  APPEAL RIGHTS

26.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.   The defendant,

however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 19, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

27.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

28.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 19, above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

-14-

## VII.  COMPUTER FORFEITURE

29.     The defendant agrees to criminally forfeit to the United States voluntarily all

of his right, title and interest to any and all assets which are subject to forfeiture pursuant to

Title 18, United States Code, Sections 2253(a)(1) and (a)(3). These assets include:

   a.  Western Digital MyBook external hard drive bearing serial number
       WCAVY2670574.

   b.  HP Pavilion Laptop bearing serial number CNF7150F5V.

30.     The Forfeiture and Judgment of the above listed property will be referenced in

the PRELIMINARY ORDER OF FORFEITURE and the defendant waives any rights or

interest in those items which the defendant may still possess or for which the defendant may

have any claim.  The defendant hereby waives any other notice of such Order.

31.     The defendant knowingly, intelligently, and voluntarily waives his right to a

jury trial on the forfeiture of the assets.  Defendant knowingly, intelligently, and voluntarily

waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any

proceeding, including any jeopardy defense or claim of double jeopardy, whether

constitutional or statutory, as to this criminal proceeding or any related civil or

administrative proceeding.  Defendant further agrees to waive any claim or defense under

the Eighth Amendment to the United States Constitution, including any claim of excessive

fine regarding the forfeiture of assets by the United States.

32.    The defendant agrees that forfeiture of the aforementioned properties as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture.

33.    The defendant agrees to the entry of orders of forfeiture for the aforementioned assets and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

34.    The defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with the forfeiture of assets as provided in this agreement.

## VIII.    TOTAL AGREEMENT AND AFFIRMATIONS

35.    This plea agreement represents the total agreement between the defendant, JAMES S. ALLEN, and the government. There are no promises made by anyone other

than those contained in this agreement.    This agreement supersedes any other prior

agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY:    _____
AARON J. MANGO
Assistant U.S. Attorney

Dated:  May ___28___, 2015


     I have read this agreement, which consists of 17 pages.  I have had a full opportunity

to discuss this agreement with my attorney, Leslie Ellen Scott, Esq.  I agree that it represents

the total agreement reached between myself and the government.    No promises or

representations have been made to me other than what is contained in this agreement.  I

understand all of the consequences of my plea of guilty.  I fully agree with the contents of

this agreement.  I am signing this agreement voluntarily and of my own free will.


_____
JAMES S. ALLEN
Defendant

Dated:  May __28__, 2015

_____
LESLIE ELLEN SCOTT, ESQ.
Attorney for Defendant

Dated:  May ___28___, 2015


-17-